# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**CLARENDON NATIONAL INSURANCE COMPANY**　　　　　　　　　　**PLAINTIFF**

**VERSUS**　　　　　　　　　　**CIVIL ACTION NO. 2:03CV217-P-A**

**NORTH MISSISSIPPI GRAIN CO., INC.**
**et al**　　　　　　　　　　**DEFENDANTS**

## ORDER

This cause is before the Court on the defendants' Motion for Summary Judgment [111-1], Claimsco's Motion That This Court Issue an Order For the Plaintiff to Show Cause Why Its Complaint Should Not Be Dismissed With Prejudice [143-1] and Tenco's Motion for Leave to Submit Tenco Services, Inc.'s Supplement to Defendants' Motion for Summary Judgment [144-1]. The Court, having reviewed the motions, the responses, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

That Claimsco's Motion That This Court Issue an Order For the Plaintiff to Show Cause Why Its Complaint Should Not Be Dismissed With Prejudice and Tenco's Motion for Leave to Submit Supplement to Defendants' Motion for Summary Judgment are well-taken and should be granted.

The defendants' recent filings highlight Clarendon's stipulation of coverage with regard to the insured's loss, thereby eliminating any basis for liability on the part of the defendants based on coverage issues. Clarendon asserted in the proposed pretrial order and in response to the defendants' recent filings that other issues remain to be tried, most notably the issue of whether Tenco and/or

Claimsco are guilty of common law negligence or breach of contract respecting the adjustment of the insured's claim as specifically relates to the grain salvage issue. Clarendon takes the position that its "salvage claim" was amply pleaded in the complaint and that it is entitled to a trial on the issue. In making such a contention, Clarendon relies on broad ambiguous language in the complaint as well as this Court's denial of the defendants' 12(b)(6) motion and alternative request for a more definite statement.

However, while the complaint includes a narrative relating to the salvage process, Clarendon's complaint never hinted at any dissatisfaction respecting the defendants' role in the salvage process.[1] Clarendon's written discovery responses are similarly devoid of any suggestion that Clarendon sought recovery for breach of contract or negligence associated with the salvage of its insured's grain. Clarendon's representatives were notably silent on such matters during their deposition testimony as well. The Court rejects Clarendon's last ditch effort to recast the issues in this case.

Furthermore, even assuming Clarendon asserted a right to recover against Tenco and Claimsco for acts and omissions related to the salvage process, Clarendon cannot adduce sufficient proof to withstand summary judgment. Plaintiff failed to develop any fact or expert testimony s to support such a claim. As a result, Clarendon's only evidence is the preliminary report of Tenco's adjuster, Glenn Young, which <u>estimated</u> the extent of damage at thirty percent. Clarendon leaps from this estimate to the conclusion that the ultimate salvage of all the soybeans resulted from 1) a delay in the extraction process 2) chargeable to Tenco and/or Claimsco–with nary a shred of evidence to support it. In the absence of any credible evidence regarding the extent of damage to the

---

[1] Instead, the essence of Clarendon's complaint boils down to its request for a declaratory judgment concerning coverage and its indemnity claims against the defendants <u>in the event of an affirmative ruling with regard to coverage</u>.

soybeans or their reasonable salvage value, the plaintiff cannot prevail.  A judgment will issue accordingly.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Claimsco's Motion That This Court Issue an Order For the Plaintiff to Show Cause Why Its Complaint Should Not Be Dismissed With Prejudice [143-1] and Tenco's Motion for Leave to Submit Tenco Services, Inc.'s Supplement to Defendants' Motion for Summary Judgment [144-1] are well-taken and should be, and hereby are, GRANTED.  IT IS FURTHER ORDERED that the defendants' Motion for Summary Judgment [111-1] is well-taken and should be, and hereby is, GRANTED.

SO ORDERED, this the 20th day of June, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE